# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

VICTORIA MADRID

        Plaintiff

v.                                                                                   CIV 11-0143 CG/LAM

OXFORD MANAGEMENT SERVICES

        Defendant.

## ORDER DENYING MOTION TO WITHDRAW

**THIS MATTER** is before the Court on attorney Margaret Blonder's *Motion to Withdraw & Substitute Counsel* ('Motion') (Doc. 4). The Court, having considered the Motion, the relevant law, and otherwise being fully advised in the premises, **FINDS** the Motion not to be well-taken and should be **DENIED**.

Margaret Blonder cites "unavoidable personal & technical reasons" for her inability to continue representing Plaintiff in this matter, without elaborating further. (Doc. 4). Under the local rules for the District of New Mexico, an attorney seeking to withdraw must state whether the motion is opposed or not. D.N.M.L.R.-Civ. 7.1(a). If the Motion is unopposed, the withdrawing attorney must explicitly indicate that the client consents to the withdrawal, and the withdrawing attorney must also make a notice of appointment of substitute attorney or state that the client intends to proceed *pro se.* D.N.M.L.R.-Civ. 83.8(a). Ms. Blonder's Motion fails to state whether the Motion is opposed and whether her client consents to her withdrawal. For that reason, her Motion must be denied.

Of greater concern to the Court is the fact that it appears that Ms. Blonder is not

admitted to practice in the Federal District of New Mexico. Ms. Blonder was notified of the deficiency on March 4, 2011, and she was advised to submit a petition for admission to practice in the District of New Mexico and to file a motion to practice pending admission in this case.[1] Ms. Blonder has chosen not to do so, and has instead filed the instant Motion. Ms. Blonder is therefore not qualified to enter an appearance in this action. D.N.M.L.R.-Civ. 83.4(a) ("To participate in a pending proceeding, an attorney must enter an appearance or obtain leave of the Court to sign and file any pleading, motion, or other document. The attorney must . . . be eligible to appear under D.N.M.L.R.-Civ. 83.2 or 83.3.").

For that reason, Ms. Blonder is directed to forward this Order to Plaintiff and to the California firm of Krohn and Moss, which she claims is prepared to be substituted as counsel for Plaintiff. (Doc. 4). Should Krohn and Moss wish to appear on behalf of Plaintiff, they are directed to associate with an attorney in good standing who is admitted to practice in the Federal District of New Mexico. Krohn and Moss must further comply with the local rules regarding the appearance and admission of attorneys licensed outside of the District of New Mexico. *See* D.N.M.L.R.-Civ. 83.3.

**IT IS THEREFORE ORDERED** that

1. Attorney Margaret Blonder's *Motion to Withdraw & Substitute Counsel*, (Doc. 4), is **DENIED**;

2. Ms. Blonder forward this Order to Plaintiff and to the firm of Krohn and Moss.

---

[1] D.N.M.L.R.-Civ. 83.2 and 83.3.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE